976 F.2d 725
 141 L.R.R.M. (BNA) 2312
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 BEVERLY CALIFORNIA CORPORATION, d/b/a Riverchase Health Care
Center, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
UNITED FOOD & COMMERCIAL WORKERS, Local 1657, Intervenor.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
BEVERLY CALIFORNIA CORPORATION, d/b/a Riverchase Health Care
Center, Respondent.
UNITED FOOD & COMMERCIAL WORKERS, Local 1657, Intervenor.
 
 Nos. 92-1068, 92-1205.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 3, 1992
Decided: September 11, 1992
 On Petition for Review and Cross-Application for Enforcement of an Order of the National Labor Relations Board.
 Andrew Allen Peterson, JACKSON, LEWIS, SCHNITZLER & KRUPMAN, White Plains, New York, for Petitioner.
 Howard Elliott Perlstein, Supervisory Attorney, NATIONAL LABOR RELATIONS BOARD, Washington, D.C., for Respondent.
 Thomas V. Walsh, JACKSON, LEWIS, SCHNITZLER & KRUPMAN, White Plains, New York, for Petitioner.
 Jerry M. Hunter, General Counsel, D. Randall Frye, Acting Deputy General Counsel, Aileen A. Armstrong, Deputy Associate General Counsel, Marilyn O'Rourke, NATIONAL LABOR RELATIONS BOARD, Washington, D.C., for Respondent.
 
 
 1
 George C. Longshore, LONGSHORE, NAKAMURA & QUINN, Birmingham, Alabama, for Intervenor.
 
 
 2
 N.LR.B.
 
 
 3
 ENFORCEMENT DENIED.
 
 
 4
 Before HALL, Circuit Judge, BUTZNER, Senior Circuit Judge, and LEGG, United States District Judge for the District of Maryland, sitting by designation.
 
 PER CURIAM:
 OPINION
 
 5
 In this case, the appellant, Beverly California Corporation d/b/a Riverchase Health Care Center ("Riverchase"), petitions for review of a Decision and Order of the National Labor Relations Board (the "Board") that licensed practical nurses ("LPNs") at Riverchase are "employees" under 29 U.S.C. § 157 (the"Act") and thus constitute an appropriate bargaining unit. The Board has filed a cross-application for enforcement of its order directing an election. For the reasons set forth below, we deny enforcement of the Board's order.
 
 
 6
 The basis of this appeal is the distinction, under the Act, between "employees" and "supervisors." This distinction is fundamental to labor law (and one often litigated) because employees have the right to self-organization and to bargain collectively while supervisors do not. 29 U.S.C. § 157. The Act specifically defines supervisor in section 157,* and in section 152(3) describes "employee" in generalized, residual terms.
 
 
 7
 The Board, using the criteria set forth in section 157 and relying to a large extent on the reasoning in Waverly-Cedar Falls Health Care Center v. NLRB, 933 F.2d 626 (8th Cir. 1991), analyzed the natures and duties of the LPNs at Riverchase and determined that they were "employees" within the meaning of 29 U.S.C. § 157. Having found the LPNs to constitute an appropriate unit for collective bargaining, the Board then directed that an election be held.
 
 
 8
 Generally, the court's role in reviewing decisions of the Board is a limited one, and the Board's factual findings will be accepted if supported by substantial evidence on the record as a whole. Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951). Even under this deferential standard of review, we find the Board's analysis in this case to be contrary to our holding in NLRB v. St. Mary's Home, Inc., 690 F.2d 1062 (4th Cir. 1982), and thus reverse the Board's determination.
 
 
 9
 On facts that can be distinguished in no material way from those now before us, this Court in St. Mary's Home found LPNs to be statutory supervisors, not employees. St. Mary's Home, 690 F.2d at 1069. While other circuits, on similar facts, have found various categories of nurses, including LPNs, to be "employees," we are bound by our decision in St. Mary's Home. See Waverly-Cedar Falls, 933 F.2d at 629-31 (licensed practical nurses held to be employees); NLRB v. Res-Care, Inc., 705 F.2d 1461, 1468 (7th Cir. 1983) (licensed practical nurses held to be employees); Misercordia Hosp. Medical Ctr. v. NLRB, 623 F.2d 808, 816-18 (2d Cir. 1980) (head nurse held to be employee); and NLRB v. St. Francis Hosp. of Lynwood, 601 F.2d 404, 420-22 (9th Cir. 1979) (assistant head nurses held to be employees). Accordingly, we find that the licensed practical nurses in this case are supervisors under the Act, and, therefore, do not, and cannot, constitute an appropriate unit for collective bargaining.
 
 
 10
 For these reasons, we deny enforcement of the Board's order directing an election.
 
 ENFORCEMENT DENIED
 
 
 *
 A supervisor is defined as,
 any individual having authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or responsibly to direct them, or to adjust their grievances, or effectively to recommend such action," provided that exercise of such activity"is not of a merely routine or clerical nature, but requires the use of independent judgment.
 29 U.S.C. § 152(11). We read this statutory definition in the disjunctive.